## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ARKANSAS TEACHER RETIREMENT SYSTEM, on behalf of itself and all others similarly situated,<br><br>                Plaintiff,<br><br>      v.<br><br>DFC GLOBAL CORP., JEFFREY A. WEISS, RANDY UNDERWOOD, DAVID JESSICK KENNETH SCHWENKE, CLIVE KAHN, JOHN GAVIN, RON MCLAUGHLIN MICHAEL KOOPER, CREDIT SUISSE SECURITIES (USA) LLC, and NOMURA SECURITIES INTERNATIONAL, INC.<br><br>              Defendants. | Civ. A. No.<br><br>CLASS ACTION<br><br>**COMPLAINT FOR VIOLATIONS OF THE FEDERAL SECURITIES LAWS**<br><br>JURY TRIAL DEMANDED<br><br>**ECF CASE** |

Plaintiff Arkansas Teacher Retirement System ("Plaintiff"), by and through its counsel,

alleges the following upon information and belief, except as to those allegations concerning

Plaintiff, which are alleged upon personal knowledge.  Plaintiff's information and belief is based

on the facts alleged below, which are predicated upon, *inter alia*, a review of relevant filings

made with the Securities and Exchange Commission ("SEC"), press releases and reports, and an

investigation undertaken by Plaintiff's counsel.  Plaintiff believes that the allegations are likely

to have evidentiary support after a reasonable opportunity for further investigation or discovery.

## INTRODUCTION AND OVERVIEW

1.      This is a class action on behalf of a class consisting of all persons, other than the

defendants named herein, who purchased or otherwise acquired the common stock of DFC

Global Corp. ("DFC Global" or the "Company") either in or traceable to the Company's

secondary offering of its common stock conducted on or about April 7, 2011 (the "Offering").

Plaintiff alleges, among other things, that the prospectus and registration statement issued in

connection with the Offering, as well as the documents incorporated by reference therein (collectively, along with any amendments thereto, the "Offering Materials") contained materially false or misleading statements and/or omissions, as set forth in greater detail below.

2.      DFC Global is a non-bank provider of alternative financial services such as payday loans and secured pawn loans.  The Company's primary customers are unbanked and under-banked consumers that have difficulty paying their bills each month, and as a result, seek out short-term loans to make ends meet.  DFC Global earns approximately 65% of its revenue from offering unsecured loans to these types of customers, a substantial portion of which is from customers that rollover or refinance their loans in perpetuity and pay only the finance charges.

3.      On or about April 7, 2011, the Company sold approximately 6 million shares of DFC Global common stock in the Offering at $20.75 per share, thereby garnering estimated proceeds of approximately $124.5 million, before accounting for underwriting discounts and commissions.  Arkansas Teacher purchased 28,500 shares in the Offering.

4.      The Prospectus Supplement filed in connection with the Offering incorporated by reference, among other things, DFC Global's quarterly report on Form 10-Q for the quarter ended December 31, 2010 filed on February 9, 2011 ("Fiscal 2011 Second Quarter 10-Q") and the Company's annual report on Form 10-K for the period ended June 30, 2010 filed on August 31, 2010 ("2010 10-K").

5.      The Offering Materials were materially false and misleading because, contrary to the representations made therein, DFC Global failed to adequately monitor the creditworthiness of its borrowers and did not properly assess whether its borrowers could repay their loans.  The Company also significantly understated its loan loss provision.  In reality, DFC Global originated risky loans that could not be reasonably repaid as a matter of course.  Furthermore, had DFC

Global properly accounted for the loans that it knew could not be repaid, the Company would have reported far higher loan loss rates.

6.      Defendants were under a duty to caution the investing public regarding the material negative effect that the risky loans that DFC Global issued to borrowers, which could not be repaid in a suitable manner and which the Company continued to roll over or refinance in perpetuity, could have on the Company's financial viability, at the time of the Offering.

7.      On April 1, 2013, defendants disclosed substantial loan defaults, particularly in the United Kingdom.  The Company disclosed a spiking loss rate of over 25%, which was driven by a 35% loss rate in the United Kingdom.  On May 1, 2013, DFC Global announced an additional increase in its loan loss provision to 27.4% due to loan defaults in the United Kingdom.  And finally, on August 22, 2013, DFC Global reported soaring loan defaults in the United Kingdom with the Company's loan loss provision remaining at an elevated level of 25.7% from 20.8%, year-over-year.

8.      As of the date of this complaint, the price of DFC common stock was trading at approximately $8.70 per share, a significant decline of $12.05 per share from the price of the Offering.

## JURISDICTION AND VENUE

9.      The claims asserted herein arise under and pursuant to Sections 11, 12(a)(2) and 15 of the Securities Act of 1933, as amended (the "Securities Act"), 15 U.S.C. §§ 77k, 77*l*(a)(2), & 77o.

10.      This Court has jurisdiction over the claims asserted in this Complaint pursuant to Section 22 of the Securities Act, 15 U.S.C. § 77v.

11.     Venue is proper in this judicial district pursuant to Section 22 of the Securities Act.  Defendant DFC Global maintains its corporate headquarters and principal place of business in this District and did so at all relevant times.

12.     In connection with the acts and conduct alleged in this Complaint, defendants, directly or indirectly, used the means and instrumentalities of interstate commerce including, but not limited to, the mails, interstate telephone communications and the facilities of the NASDAQ Stock Market, a national securities exchange.

## PARTIES

13.     Plaintiff Arkansas Teacher purchased 28,500 shares of DFC Global's common stock in the Offering, as described in the certification attached hereto, and was damaged thereby.

14.     Defendant DFC Global is a Delaware Corporation based in Pennsylvania.  DFC Global maintains its principal executive offices at 1436 Lancaster Avenue, Berwyn, Pennsylvania 19312.  On or about April 7, 2011, the Company sold approximately 6 million shares of its common stock in the Offering at a price of $20.75 per share, garnering approximately $124.5 million in gross proceeds.

15.     Defendant Credit Suisse Securities (USA) LLC ("Credit Suisse") is a Delaware limited liability company with headquarters in New York, NY.  Credit Suisse operates as an investment bank in the United States.  Its businesses include securities underwriting, sales and trading, investment banking, private equity, alternative assets, financial advisory services, investment research, and asset management.  Credit Suisse served as joint book-running manager for the Offering.

16.     Defendant Nomura Securities International, Inc. ("Nomura"), headquartered in New York, NY, operates businesses in four primary areas: fixed income, equities, investment banking, and asset management.  Nomura served as joint book-running manager for the Offering.

17.     Credit Suisse and Nomura are referred to herein as the "Underwriter Defendants."

18.     The individuals named as defendants herein (the "Individual Defendants") served, at times relevant to the claims set forth herein as officers and/or directors of the Company and signed (or authorized their signature to be affixed to) the registration statement as directors and/or officers of DFC Global in the positions set forth opposite their names as follows:

| Name | Position |
| --- | --- |
| Jeffrey A. Weiss | Chairman of the Board of Directors and Chief Executive Officer (Principal Executive Officer) |
| Randy Underwood | Chief Financial Officer (Principal Financial Officer and Principal Accounting Officer) |
| David Jessick | Director |
| Kenneth Schwenke | Director |
| Clive Kahn | Director |
| John Gavin | Director |
| Ron McLaughlin | Director |
| Michael Kooper | Director |

19.     Each of the Individual Defendants named herein, either personally or by attorney-in-fact, signed the registration statement filed with the SEC on or about December 31, 2009 and declared effective on January 11, 2010.

20.     Each of the Individual Defendants, by virtue of his management or directorship positions, had the duty to exercise due care and diligence and the duty of full and candid

disclosure of all material facts related thereto.  The Individual Defendants were required to exercise reasonable care and prudent supervision over the dissemination of information concerning the business, operations and financial reporting of DFC Global.  By virtue of such duties, these officers and directors were required to supervise the preparation of and dissemination of the Prospectus.

21.     All of the Individual Defendants were control persons of DFC Global within the meaning of Section 15 of the Securities Act by reason of their own involvement in the daily business of DFC Global and/or as senior executives and/or directors of DFC Global.  The Individual Defendants, at the time they held positions with DFC Global, were able to, and did, exercise substantial control over the operations of DFC Global, including control of the materially false and misleading statements, omissions and course of conduct complained of herein.

22.     It is appropriate to treat all of the Individual Defendants as a group for pleading purposes and to presume that the false and misleading information conveyed in DFC Global's Prospectus as alleged herein is the collective action of the narrowly defined group of defendants identified above.

23.     As officers, directors and/or controlling persons of a publicly held company and under the federal securities laws, the Individual Defendants had a duty (a) to disseminate promptly complete, accurate and truthful information with respect to DFC Global; (b) to correct any previously issued statements from any source that had become materially misleading or untrue; and (c) to disclose any trends that would materially affect earnings and the present and future operating results of DFC Global, so that the market price of DFC Global's publicly traded securities would be based upon truthful and accurate information.

6

## CLASS ACTION ALLEGATIONS

24.     Plaintiff brings this lawsuit pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure, on behalf of itself and on behalf of a class of persons who purchased or otherwise acquired the common stock of DFC Global either in or traceable to the Company's secondary offering of its common stock conducted on or about April 7, 2011 through April 13, 2011.

25.     Excluded from the Class are the defendants named herein, members of the immediate family of each of the defendants, any person, firm, trust, corporation, officer, director or other individual or entity in which any defendant has a controlling interest or which is related to or affiliated with any of the defendants, and the legal representatives, agents, affiliates, heirs, successors-in-interest or assigns of any such excluded party.

26.     This action is properly maintainable as a class action for the following reasons:

a.     The Class of investors for whose benefit this action is brought is so numerous that joinder of all Class members is impracticable.  On or about April 7, 2011, approximately 6 million shares of DFC Global common stock were sold in the Offering to hundreds, if not thousands, of investors.  Although the names and addresses of all members of the Class are unknown to Plaintiff at this time, such information is readily obtainable from records maintained by the defendants.

b.     There are questions of law and fact that are common to members of the Class and which predominate over any questions affecting only individual members.  The common questions include, *inter alia*, the following:

(1)     Whether the federal securities laws were violated by defendants' acts as alleged herein;

7

(2)      Whether defendants participated in and pursued the common course of conduct complained of herein;

(3)      Whether the members of the Class have sustained damages and, if so, what is the proper measure of damages.

c.      The claims of Plaintiff are typical of the claims of other members of the Class, as Plaintiff purchased shares of the Company in or traceable to the Offering and Plaintiff has no interests that are adverse or antagonistic to the interests of the Class.

d.      Plaintiff is committed to the vigorous prosecution of this action and has retained competent counsel experienced in litigation of this nature.  Accordingly, Plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

e.      Plaintiff anticipates that there will not be any difficulty in the management of this litigation as a class action.

27.      For the reasons stated herein, a class action is superior to other available methods for the fair and efficient adjudication of this action and the claims asserted herein.  Because of the size of the individual class members' claims, few, if any, class members could afford to seek legal redress individually for the wrongs complained of herein.

<u>**SUBSTANTIVE ALLEGATIONS**</u>

28.      On or about April 7, 2011, DFC Global filed a prospectus supplement with the SEC in conjunction with the Offering.  The Prospectus incorporates by reference the Company's Fiscal 2011 Second Quarter 10-Q and 2010 10-K, which contained materially false or misleading statements and/or omissions.

8

29.    By virtue of such materially false or misleading statements and/or omissions, DFC Global was able to sell approximately 6 million shares of its common stock at a price of $20.75 per share, thereby generating approximately $124.5 million in gross proceeds for the Company.

30.    In the 2010 10-K, which was filed on August 31, 2010 and incorporated by reference to the Prospectus Supplement, defendants stated that they had controls in place to effectively monitor the Company's lending activities and utilized proprietary methodologies to ensure that borrowers could repay their loans, as shown below.

> We have instituted control mechanisms and a credit analytics function that have been very effective in managing risk in our consumer lending activities. We operate centralized collection centers to coordinate a consistent approach to customer service and collections in each of our markets. ***Our risk control mechanisms include, among others, the daily monitoring of initial return rates with respect to payments made on our consumer loan portfolio. We have also implemented proprietary predictive scoring models that are designed to limit the amount of loans we offer to customers who statistically would likely be unable to repay their loan***. As a result, we believe that we are less likely to sustain a significant credit loss from a series of transactions or launch of a new product. (emphasis added).

31.    The Fiscal 2011 Second Quarter 10-Q explained that the Company's loan loss provision rates are historically low due to DFC Global's "conservative approach to extending consumer credit."

> The consolidated loan loss provision, expressed as a percentage of gross consumer lending revenue, was 16.6% for the three months ended December 31, 2010 compared to 15.3% for the three months ended December 31, 2009. This increase was primarily due to a stronger mix of internet based loans relative to our traditional storefront loans. We believe that the consolidated loan loss provision rates continue to run below historical rates as a result of our continued ***conservative approach to extending consumer credit*** in the midst of the weakened economy, as well as the benefit from the ***implementation of proprietary credit scoring models*** for our large array of global loan products.

32.     The above statements were materially false or misleading because defendants failed to disclose that (i) DFC Global systematically issued high-fee predatory loans to consumers that had no reasonable means to be repaid; (ii) the Company continuously rolled over or refinanced its loans in order to delay or avoid defaults; (ii) DFC Global failed to conduct adequate affordability assessments on its customers; (iv) DFC Global understated its loan loss rates; and (v) as a result of DFC Global's irresponsible lending, the Company failed to comply with industry regulations and guidance.

33.     The above statements were materially false and misleading at the time they were made.  As a result, the Offering Materials contained material misstatements and omissions as set forth herein.

## THE TRUTH EMERGES

34.     On April 1, 2013, the Company preannounced results for its third quarter of 2013 during which it disclosed that a recently initiated rollover limit in the United Kingdom caused a significant number of DFC Global's loans in the United Kingdom to become immediately due, leading to substantial loan defaults.  The Company also disclosed a spiking loss rate of over 25%—compared to approximately 20% year-over-year.  Then, on May 1, 2013, DFC Global announced its earnings for the third quarter of 2013 during which it released additional details regarding how the Company's business was impacted by significant loan defaults.  It also disclosed an increase in its loan loss provision to 27.4% (compared to 20.6% year-over-year).

35.     Finally, on August 22, 2013, DFC Global reported earnings for its fourth quarter of 2013 and disclosed that the defaulting loans in the United Kingdom and its purported more restrictive underwriting requirements would continue to plague the Company "well into fiscal

2014."  Indeed, DFC Global's loan loss provision remained elevated as 25.7%, compared to 20.8%, year-over-year.

36.     As of the date of this complaint, the price of DFC common stock was trading at approximately $8.70 per share, a significant decline of $12.05 per share from the price of the Offering.

37.     Had Plaintiff and the other members of Class known the truth concerning the materially adverse misstatements and omissions in the Offering Materials as set forth herein, they would not have purchased DFC Global shares in the Offering, or if they had, would not have purchased the shares at such prices.

## COUNT I

[Against All Defendants for Violations of Section 11 of the Securities Act]

38.     Plaintiff repeats and realleges each and every allegation contained above.

39.     This Count is brought by Plaintiff pursuant to Section 11 of the Securities Act, 15 U.S.C. § 77k, on behalf of the Class, against all defendants and does not sound in fraud.

40.     The Prospectus for the Offering was inaccurate and misleading, contained untrue statements of material facts, omitted to state other facts necessary to make the statements made not misleading, and concealed and failed adequately to disclose material facts as described above.

41.     The Company is the registrant for the Offering.  As signatories of the Registration Statement, the Individual Defendants were responsible for the contents and dissemination of the Prospectus.

42.     As issuer of the shares, DFC Global is strictly liable to Plaintiff and to the members of the Class for the misstatements and omissions.

11

43.     The Underwriter Defendants served as the underwriters for the Offering of common stock and qualify as such according to the definition contained in Section 2(a)(11) of the Securities Act, 15 U.S.C. § 77b(a)(11).  As such, they participated in the solicitation, offering, and sale of the stock to the investing public pursuant to the Prospectus.

44.     None of the defendants named herein made a reasonable investigation or possessed reasonable grounds for the belief that the statements contained in the Offering Materials were true and without omissions of any material facts and were not misleading.

45.     Defendants issued, caused to be issued and participated in the issuance of materially false and misleading written statements to the investing public that were contained in the Offering Materials, which misrepresented or failed to disclose, *inter alia*, the facts set forth above.  By reasons of the conduct herein alleged, each defendant violated, and/or controlled a person who violated, Section 11 of the Securities Act.

46.     Plaintiff and other members of the Class acquired shares of DFC Global pursuant to, or traceable to, the defective Prospectus.

47.     Plaintiff and the Class have sustained damages.  The value of DFC Global's shares has declined substantially subsequent to and due to defendants' violations.

48.     At the times they purchased DFC Global shares, Plaintiff and the other members of the Class were without knowledge of the facts concerning the wrongful conduct alleged herein and could not have reasonably discovered those facts prior to DFC Global's subsequent announcements.  Less than one year has elapsed from the time that the Plaintiff discovered or reasonably could have discovered the facts upon which this complaint is based to the time that Plaintiff filed this Complaint.  Less than three years have elapsed from the time that the securities

upon which this Count is brought were bona fide offered to the public to the time Plaintiff filed

this Complaint.

## COUNT II

[Against the Company and the Underwriter Defendants
for Violations of Section 12(a)(2) of the Securities Act]

49.     Plaintiff repeats and realleges each and every allegation contained above.

50.     This Count is brought by plaintiff pursuant to Section 12(a)(2) of the Securities

Act, 15 U.S.C. § 77l(a)(2), on behalf of all purchasers of DFC Global shares in connection with,

and traceable to, the Offering and does not sound in fraud.

51.     DFC Global and the Underwriter Defendants were sellers, offerors, and/or

solicitors of sales of the shares offered pursuant to the Prospectus in connection with the

Offering.

52.     The Prospectus contained untrue statements of material facts, omitted to state

other facts necessary to make the statements made not misleading, and concealed and failed to

disclose material facts.  Defendants' actions of solicitation included participating in the

preparation of the false and misleading Prospectus.

53.     DFC Global and the Underwriter Defendants owed to the purchasers of DFC

Global shares, including Plaintiff and other class member purchasers of shares, the duty to make

a reasonable and diligent investigation of the statements contained in the Offering Materials to

insure that such statements were true and that there was no omission to state a material fact

required to be stated in order to make the statements contained therein not misleading.  DFC

Global and the Underwriter Defendants knew of, or in the exercise of reasonable care should

have known of, the misstatements and omissions contained in the Offering Materials as set forth

above.

54.     Plaintiff and other members of the Class purchased or otherwise acquired DFC Global shares pursuant to and traceable to the defective Prospectus.  Plaintiff did not know, or in the exercise of reasonable diligence could not have known, of the untruths and omissions contained in the Offering Materials.

55.     Plaintiff, individually and representatively, hereby offers to tender to defendants those securities that Plaintiff and other Class members continue to own, on behalf of all members of the Class who continue to own such securities, in return for the consideration paid for those securities together with interest thereon.

56.     By reason of the conduct alleged herein, DFC Global and the Underwriter Defendants violated, and/or controlled a person who violated, § 12(a)(2) of the Securities Act. Accordingly, Plaintiff and members of the Class who hold DFC Global shares purchased in the Offering have the right to rescind and recover the consideration paid for their DFC Global shares and, hereby elect to rescind and tender their DFC Global shares to the defendants sued herein. Class members who have sold their DFC Global shares are entitled to rescissionary damages.

57.     Less than three years have elapsed from the time that the securities upon which this Count is brought were sold to the public to the time of the filing of this action.  Less than one year has elapsed from the time when Plaintiff discovered or reasonably could have discovered the facts upon which this Count is based to the time of the filing of this action.

## COUNT III

[Against the Individual Defendants for Violations of Section 15 of the Securities Act]

58.     Plaintiff repeats and realleges each and every allegation contained above.

59.     This Count is brought by Plaintiff pursuant to Section 15 of the Securities Act, 15 U.S.C. § 77o, against the Individual Defendants and does not sound in fraud.

60.     Each of the Individual Defendants was a control person of DFC Global by virtue of his position as a director and/or as senior officer of the Company.  Each of the Individual Defendants were control persons of DFC Global within the meaning of Section 15 of the Securities Act by reason of their own involvement in the daily business of DFC Global and/or as senior executives or directors of DFC Global.  The Individual Defendants, at the time they held positions with DFC Global, were able to, and did, exercise substantial control over the operations of DFC Global, including control of the materially false and misleading statements, omissions and course of conduct complained of herein.

61.     Each of the Individual Defendants was a culpable participant in the violations of Sections 11 and 12(a)(2) of the Securities Act alleged in Counts I and II above, based on his having signed the Registration Statement and having otherwise participated in the process that allowed the Offering to be successfully completed.

62.     As a result of the foregoing, Plaintiff and the other members of the Class have suffered damages.

## REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the Class, respectfully requests judgment as follows:

A.     Declaring this action to be a plaintiff class action properly maintained pursuant to Rule 23 of the Federal Rules of Civil Procedure;

B.     Awarding Plaintiff and other members of the Class damages together with interest thereon;

C.      Awarding Plaintiff and the Class rescission on Count II to the extent they still hold

DFC Global shares, or if sold, awarding rescissionary damages in accordance with Section

12(a)(2) of the Securities Act;

D.      Awarding Plaintiff and other members of the Class their costs and expenses of this

litigation, including reasonable attorneys' fees, accountants' fees and experts' fees and other costs

and disbursements; and

E.      Awarding Plaintiff and other members of the Class such other and further relief as

may be just and proper under the circumstances.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury on all issues.


Dated:  March 21, 2014                         Respectfully submitted,

                                               **BARRACK, RODOS & BACINE**

                                               By:_____JG628_____
                                                   Mark R. Rosen
                                                   Jeffrey W. Golan
                                                   Lisa M. Lamb
                                                   3300 Two Commerce Square
                                                   2001 Market Street
                                                   Philadelphia, PA 19103
                                                   Telephone: (215) 963-0600
                                                   Fascimile: (215) 963-0838
                                                   mrosen@barrack.com
                                                   jgolan@barrack.com
                                                   llamb@barrack.com

                                                   *-and-*

Gerald Silk
Avi Josefson
**BERNSTEIN LITOWITZ BERGER**
**    & GROSSMAN LLP**
1285 Avenue of the Americas
New York, New York 10019
Telephone: (212) 554-1400
Fascimile: (212) 554-1444
jerry@blbglaw.com
avi@blbglaw.com

*Counsel for Plaintiff*